UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROLAND CHARLES BROCKRIEDE,

    Plaintiff,

                                         Case No. 12-14519
v.                                    Hon. Lawrence P. Zatkoff

UNITED STATES SOCIAL SECURITY
OFFICE,

    Defendant.
                                           /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 9, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Plaintiff submitted his *pro se* complaint [dkt 1] and application to proceed *in forma pauperis* [dkt 2] on October 12, 2012. For the following reasons, Plaintiff's request to proceed *in forma pauperis* is DENIED.

**II. ANALYSIS**

**A. Plaintiff's Request to Proceed *In Forma Pauperis***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of "such

prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id.* at 261. The Court has reviewed Plaintiff's application and has determined that he is not entitled to proceed *in forma pauperis*. The financial information in the application does not indicate that Plaintiff is unable to pay the filing fee; therefore, the Court DENIES Plaintiff's application to proceed *in forma pauperis* [dkt 2].

**B. Review of Plaintiff's Complaint**

Upon granting a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on Defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Construing Plaintiff's complaint liberally, the Court finds Plaintiff's complaint has failed to state any claim upon which relief may be granted.

Plaintiff's complaint consists of a sixty-six-page narrative. This narrative attempts to allege that the United States Social Security Office violated Plaintiff's 1st and 5th Amendment rights. Further, along with his alleged 1st and 5th Amendment violations, Plaintiff appears to claim that the United States Social Security Office acted in a fraudulent fashion with respect to Plaintiff's Social Security retirement benefits. After reviewing Plaintiff's complaint, the Court finds that it is plagued with incoherent statements and or allegations, none of which adequately state a cognizable legal claim under federal or state law. For example, Plaintiff states the following:

> "The Petitioner in best belief and knowledge has a . . . 1st and 5th Amendment Right in these presented issues and matters. [The Petitioner has been, by the Federal Social Security Agency and It's Regulatory Officials and Tribunals, charged, prosecuted, and sentenced to unlawful harm, as included unlawful acts against all attempted objections and proper collateral attacks to the unholy acts arising to subterfuge schemes being perpetrated, being further characterized as 'Lie Fraud, Obstruction of Justice, With Initiation of Conspiracy to Perpetuate Cover-Up Schemes Being Facilitated by Racketeering Enterprise.'"

(errors in original). As such, Plaintiff's claims were neither "short and plain," nor " simple, concise, and direct." *See* Fed. R. Civ. P. 8(a); (d).

Accordingly, Plaintiff's Complaint must be dismissed pursuant to § 1915(e) as it fails to state a claim upon which relief may be granted .

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint [dkt 1] is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

                                                  S/Lawrence P. Zatkoff
                                                  HON. LAWRENCE P. ZATKOFF
                                                  U.S. DISTRICT JUDGE

Dated: November 9, 2012